## T. Hanks et al. *v.* S. R. Neal et al.

1. Assumpsit—Plea in bar—Practice.—A plea in bar to a declaration on certain notes or writings obligatory, that said notes or writings obligatory were given for land sold under an order of the probate court which was void, and that said notes or writings obligatory were therefore void, is bad, the averments being mere conclusions or deductions of law. The plea should aver the facts which rendered such decree of the court and the notes or writings obligatory, void.

2. Service—Appearance—Process.—Where it appears by the record of the probate court that certain parties were regularly cited to appear at a specified term, to show cause, etc., if said term failed, from any cause, etc., to be held, all business therein was continued, by operation of law, until the succeeding term; and parties already cited are bound, at their peril, to appear at such succeeding term, according to the mandate of the citation. And if the service of process is not made in the formal manner prescribed by the statute, it is not therefore void, but only voidable, and cannot be impeached collaterally.

Assignment of errors.

3. PROBATE COURT—GUARDIAN.—In proceedings in the probate court by a guardian, under Rev. Code, 464, art. 153, it is not necessary that the petition should be verified by affidavit, nor that the court should appoint a day for the hearing of the case, nor that three or more of the nearest relations of the minor should be summoned, as directed under article 151 of the Code; these steps are not necessary under article 153, to a valid order of sale.

4. SALE UNDER DECREE—NOTICE.—The law is well settled that a sale by an officer made by virtue of assignment or decree, is not affected by the failure to give the notice required by the statute; and the title of a *bona fide* purchaser at such sale is not vitiated by such irregularity. 4 S. & M., 602.

5. SAME—REPORT OF COMMISSIONER.—The report of the commissioner of the sale of the land described in the petition and the decree being lost, a copy was produced in which there appeared a discrepancy between the amount of land sold and the amount described in the petition and the decree; but the petition, the decree of sale, and the deed made to the purchaser at the sale, all agreed in describing the land as 640 acres, and the copy of the commissioner's report in the record stated that the commissioner appointed by the court to sell the real estate, etc., containing 640 acres, did, after giving notice, etc., proceed to sell the land, and the order confirming the sale asked that the report of the commissioner to sell the real estate described in the decree, having been examined by the court, was confirmed. *Held:* That these facts sufficiently show a confirmation by the court of the sale of all the land specified in the petition, order of sale and the deed.

6. INSTRUCTIONS.—Although an instruction may not be correct as a legal proposition, yet if the evidence shows that the verdict is right, a new trial will not be granted. The settled rule is that a verdict will not be disturbed where it is according to law and the justice of the case, though the instruction be erroneous.

7. PROBATE COURT—DISTRIBUTION—SALE.—Although it be not alleged in the petition for the sale that the land could not be conveniently divided among the devisees, it is sufficient if it appear from the allegations in the petition that it could not be conveniently divided among the owners without great loss to them, and that it would be to the interest of all that the whole tract should be sold and the proceeds divided among the owners according to their respective interests. This is a substantial compliance with the statute.

8. PROBATE COURT.—JURISDICTION.—The article 153, Rev. Code, 464, authorizing the sale of lands in certain cases, is not unconstitutional. The probate court, as to the jurisdiction conferred, by the constitution, is a court of original, general jurisdiction.

Error to the circuit court of Carroll county. COTHRAN, J.

The plaintiffs in error assign the following errors:

1st. The court erred in sustaining the demurrer of defendants in error to the second plea.

2d. The court erred in refusing each and all of the instructions asked by plaintiff in error.

3d. The court erred in granting the instructions asked by the defendants in error.

4th. The court erred in overruling the motion for a new trial.

5th. The court erred in not extending the demurrer back to the declaration, and in not giving judgment thereon for the plaintiffs in error.

The facts are sufficiently stated in the opinion of the court

*F. Anderson,* for the plaintiffs in error.      .

The proceedings in cases of this kind are governed by Rev. Code, 463, 464, articles 151, 152, 153.

Article 153 only provides for a sale where lands cannot be conveniently divided. The defect of power under this article, is supplied by article 151, which authorizes a sale when the guardian thinks it will be for the interest of his ward. The petition in this case, under article 153, does not show a case which gave jurisdiction to make the order for the sale of the land of all the minors under the will. The allegation is not that it cannot be conveniently divided, but only that it would be an injury to the other heirs. The guardian seems to have attempted to proceed under both articles, 151 and 153, and to thus combine two things inconsistent in themselves: to sell the individual interest of his ward, because to her interest, and at the same time to sell the whole together. The sale of the whole, without showing that it could not be conveniently divided, was not authorized by article 153. The facts required to give jurisdiction to make such an order were not set forth in the petition.

We insist that the court ought to have granted the first instruction asked for by the defendants. In like manner, the order of sale, under article 151, was void, because that showing did not give the court jurisdiction to do more than sell the undivided interest of the ward. The plaintiffs in error, being sued in their representative character, were not bound to plead specially, but had the right to give any special matter in evidence under the general issue. Rev. Code, 456, art. 125; Sanders v. Robertson, 23 Miss., 390.

The 1st and 5th assignments of error are to the action of he court sustaining the demurrer to the second plea, and not extending it back to and sustaining it against the declaration.

The demurrer ought to have been sustained to the declaration, because no title was shown to the notes in the plaintiffs. Under no circumstances could the legal or equitable title of these notes vest in the executor of Neal. It was as guardian, that Neal held the notes at the time of his death; it was as guardian, alone, that he sold the land, and it was alone in his favor, as such guardian, that the probate court could make the order of sale if it was sold, and if it was not, then the notes were void. Cock v. Rucks, 34 Miss., 106; Rev. Code, 457, art. 135; Ross v. Smith, 31 Miss., 59; N. O., J. & G. N. R. R. v. Robbins, 36 Miss., 384.

We will consider the objections to the granting and refusal of the instructions, and the refusal to grant a new trial, together, in connection with each other. 1st. No citation was issued and served on the minor, Emily, nor any citation issued to or served on any of the nearest relations, although there were such in the state. 2d. Citations to the other defendants were returned " executed, " simply. Such was the return as to adults and minors. 3d. The petition filed 6th September, 1859, and case was set for first Monday in October, which term failed. 4th. Guardian *ad litem* appointed for minors in Choctaw county, for children of Seaborn Jones; *pro confesso* taken same day against all, the order reciting that defendants had been served with process. On same day guardian *ad litem* filed his own (not the minor's) answer. On the same day an order of sale of the land is made, and Neal, appointed commissioner, directed to advertise, etc. Now it is insisted that the court had no jurisdiction to make the order of sale. Rev. Code, 489, art 64; Robertson v. Johnston, 40 Miss., 500; ib., 181; Lorena Martin v. Williams et at., [not reported]; Maynett v. White, 37 Miss., 438. As to these and like sales, see Root v. McFerrin, 37 Miss., 17; Moye v. McAlister, 30 Miss., 258; ib., 264; Monk v. Horne, 38 Miss., 100. If the jurisdictional facts were not then shown by the record, it follows that every other step taken was without authority—report and confirmation of sale amongst the others.

The court defeated its own jurisdiction in the first step it
took, by setting down the petition to be heard in less than
one month from its being filed. Heard v. Whitehead, 41
Miss., 404. The publication ordered was not made according
to the order. It is admitted that mere irregularities do not
effect the sales of property by the sheriff. Bland v. Muncas-
ter, 24 Miss., 62; City of Natchez v. Minor, 4 S. & M., 619;
10 ib., 246; 2 ib., 338. But the doctrine in these cases is
not applicable to this cause. These cases distinguish be-
tween administrators' sales and those by sheriffs. Root v.
McFerrin, 37 Miss., 17. I will only call the attention of the
court to the variance in the report and confirmation of the
sale.

*E. S. Fisher*, on the same side,

Contended that the probate court derived its authority
from the statute. In this proceeding it was a court of lim-
ited jurisdiction, and every statutory requisite to juris-
diction must appear affirmatively by the record. Boarman
v. Israel et al., 1 Gill, 381; and 3 Gill, 498, settles this doc-
trine; see also Mills v. Johnston, 19 Johns., 7.

The statute requires that the petition be sworn to—this
was not done. The court must set a day for hearing, at
least thirty days after the filing of petition. No day was ap-
pointed at all, unless the return day was intended for that
purpose. There would be only twenty-seven days, and that
would be fatal. The court failed to issue process to three
nearest relations of the minors. It was omitted, although
such were necessary parties. No proceedings on the petition
were had until the 8th of November, and the record shows
no continuance from the preceding October term. It is
argued that the proceedings were under art. 153, Rev. Code,
463, and not under art. 151. We reply that it was under
both. But if under art. 153, there is no doubt that the decree
is null and void. The court had no jurisdiction over any of
the joint owners, save the ward.

Art. 153 provides, in cases where lands descend or are

devised to heirs or devisees, jointly, and one or more are minors, and division cannot be conveniently made, the guardian may petition the probate court for an order to sell his ward's share or interest in the land; not to sell the whole tract, the interest of adults (over whom he has no jurisdiction), and can acquire none, but simply the ward's share or interest. Such is the whole extent of power under that article.

*W. P. Harris,* for the defendant in error:

This case involves the validity of the proceedings under which the land was sold. These are to be tested by articles 151, 152, and 153, Rev. Code, 463, 464. The sale was under art. 153, under which it is only necessary to summon the co-heirs and devisess, omitting the nearest relations; the process being regulated by art. 21, Rev. Code, 429. The return of service in this case was, at farthest, only voidable, and the defect does not render the decree void, but only voidable. Campbell v. Hays, 41 Miss., 561.

As to the time to elapse between the filing of the petition and order for citation and the return day, the terms of the probate court are of indefinite duration—no limit is fixed by law, save that the sessions may continue as long as business shall require. Had the session continued four days, as it often does, a perfectly valid decree could have been made on that day, it being the 7th October, one month from the filing of petition. Art. 151, if it governs the case, simply provides that a month must elapse between the filing of the petition and the making of any decree of sale; and hence a decree on the 7th of October, fourth day of the October term, would have been regular. Vested by the prayer of the petition, it is clear the proceedings are under art. 153 of the Code, as it is under that alone that the court could grant the prayer—the facts set forth being the application under that article. The allegations are, that lands had been devised to several—adults and minors; that, owing to the location of said lands, they cannot be divided without great loss to the

owners. The decree is to sell not the ward's interest, but the whole, for division, and this, we insist, is regular and valid.

As to the case in 30 Miss., 258, that case is clearly an authority for the assertion that art. 32, Code, 431, is not applicable to the case in hand. The proceeding is governed by the article which authorizes it, and marks out the course to be followed and thing to be done, and that the citation of the minor in whose behalf the guardian applies, is not required. The article, page 431, clearly refers to those cases in which the ward is made a necessary party, and is required to be cited as a defendant. The guardian *ad litem* applies to minors made parties defendant. Minors sue by guardian or next friend. They defend by guardian *ad litem*. Story's Eq. Pl., §§ 55, 70, 77.

Whether the court had jurisdiction of the parties. The process in all the courts is a summons, and the mode of service the same, and the want of service affects the judgments and decree of each alike. Campbell v. Hays, 41 Miss., 561.

The real estate descends to the heir, or goes to the devisees, and the administrator has no control over it as such. The possession and the rents go to the heir with the title. Hence, it has been held that the power to deal with real estate is confered by statute, and not by the constitution. The language in Root v. McFerrin, 37 Miss., 17, is to be taken with reference to the subject before the court—the sale of real estate of a decedent. The case of orphans or minors, owners of real and personal estate, is widely different. If the probate court has full general jurisdiction as to personal estate, because matters testamentary and of administration embrace personalty, then as orphans' business embrace both real and personal estate, if the court has full jurisdiction over personalty, it has it over realty. See Inwood v. Twyne, 1 Ambles, 417; Winchester v. Norcliffe, 1 Vernon, 435; 3 Johns. Ch., 348.

The mere failure to advertise the sale as the law or decree may direct, does not render the sale void, or effect the purchaser's title. Minor v. City of Natchez, 4 S. & M., 616; 24

Miss., 62; 10 S. & M., 246. As to the object and effect of a report and confirmation, 41 Miss., 404. It is not the report that is to be confirmed, but the sale. The report must be in writing, and contain " the time and place of sale, the names of the purchaser, and the amount of the purchase money," but need not contain a description of the land. Rev. Code, 463, art. 152. The guardian must satisfy the court, not by the report, but by other evidence, that the directions of the decree have been complied with, and the purchaser is chargeable with notice of the proceedings under which he purchased. 41 Miss., 370.

As to the question the demurrer raised here for the first time, see Falls v. Wilson, 26 Miss., 168; Laughman v. Thompson, 6 S. & M., 258; Miller v. White, 10 S. & M., 607.

*W. F. Brantly*, on same side.

The first point made is, that process was not issued by the probate court one month before the day set for trial. Does this, if true, make the sale void, and the notes or bonds without consideration? It does not. 1st. Because the statute referred to is merely directory; 2d. There is no such statute that applies in the case of a sale by a guardian for devisee. In a case like this there is no statute requiring notice to be given in thirty days. The statute referred to requires that the petition shall be filed one month before any decree of sale can be made, and this was done. Rev. Code, 463, art. 151, 152 ; ib., 464, art. 153.

The second point made in the court below is, that notice was not given as ordered by the court. Does 'this, if true, make the sale in the probate court void? Bland v. Muncaster, 24 Miss., 62; 4 S. & M., 619; Smith v. Denson, 2 S. & M., 338; 10 S. & M., 246.

The third point is, that the sale was not confirmed. This is a question of fact, and was squarely presented to the jury as a question of fact in the court below, and the jury found for the plaintiff. Will this court disturb the verdict? The question for this court to determine in considering whether the

verdict of a jury is sustained by the evidence or not, is not the verdict clearly right, but is it manifestly wrong?   Prewitt v. Chapwood, 30 Miss., 369.

The order confirming the sale left out, in reciting the numbers of the land, 40 acres, but it is in proof that all the original papers in the case were lost. It is also in proof that the petition recited the proper numbers; that the decree and order of the sale recited the proper numbers, and that the commissioner made a deed to the right numbers.

Peyton, C. J.:

S. R. Neal and Elmira Neal, as executor and executrix of the last will and testament of Robert Neal, sr., deceased, instituted suit on the 24th day of March, 1866, in the circuit court of Carroll county, against Toliver Hanks, as administrator of the estate of M. Hanks, deceased, and B. R. Eskridge, as executor of the last will and testament of R. Eskridge, deceased, on two writings obligatory for $2,880 each, executed by the said M. Hanks and R. Eskridge, in favor of the said Robert Neal, on the 19th day of December, 1859, payable in one and two years from date.

To this action the defendants appeared and pleaded the two following pleas: 1st. The defendants for plea deny the allegations of the plaintiffs' declaration; 2d. And for further plea the defendants say that said writings obligatory were given for a sale of lands that belonged to Seaborn Jones, deceased; that said sale was made under an order of the probate court of Carroll county, Mississippi; that said sale was void, and that said notes or writings obligatory are void.   To which they annexed a notice that on the trial they would introduce in evidence the record of said sale, orders and proceedings to show that said sale was void: 1st. Because process was not issued one month before the day set for sale; 2d. Notice of said sale was not given as ordered by the court; 3d. The sale was not confirmed.

The plaintiffs demurred to the second plea, and the demurrer was sustained by the court, and leave was granted to the

defendants to answer over to the declaration, which they declined to do, and the cause was submitted on the first plea to the jury, who found a verdict for the plaintiffs for the sum of $8,938 40, whereupon the defendants moved the court for a new trial on the following grounds : 1st. Because the court erred in giving to the jury the instructions asked by the plaintiffs; 2d. Because the court refused to give the instructions asked by the defendants; 3d. Because the jury found contrary to law and evidence; which motion was overruled by the court, and judgment rendered on the verdict against the defendants, who bring the cause to this court by writ of error, and make the following assignments of error :

1st. The court erred in sustaining the demurrer of the defendants in error to the second plea of the plaintiffs in error.

2d. The court erred in refusing the instructions asked by the plaintiffs in error.

3d. The court erred in granting the instruction asked by the defendants in error.

4th. The court erred in overruling the motion of the plaintiffs in error for a new trial.

5th. The court erred in not extending the demurrer back to the declaration and in not giving judgment thereon for the plaintiffs in error.

The first and fifth assignments of error will be considered together. The first impeaches the correctness of the action of the court in sustaining the demurrer of the defendants in, error to the second plea of the plaintiffs in error. Pleadings should state facts and not legal conclusions. It is a statement, in legal form, of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense. When tested by this rule of pleading it will be seen that the plea is evidently bad, for the reason that the facts set forth therein constitute no defense to the action. The statements in the plea that the said sale was void, and that the said notes or writings obligatory are void, are mere legal deductions of the pleader, and unauthorized by the facts of the

plea. The court, therefore, did not err in sustaining the demurrer to it. But it is insisted that the declaration does not show title in the plaintiffs below to the writings obligatory sued on, and for that reason the demurrer ought to have been applied to the declaration. We do not think so. The guardian, Robert Neal, sr., to whom the said writings obligatory were given, undoubtedly had the legal title to them, and has given bond with surety in pursuance of the order of the court, to collect and divide the proceeds of the sale of the land among the persons entitled thereto.

It appears from the record that this cause went to trial upon the first plea without objection to it. But what issue in fact was presented by that plea for trial by the jury it is difficult to ascertain. If it meant to deny the execution of the writings obligatory, the plea was bad for want of verification under oath, or if it was intended to deny the legal efficacy of the writings obligatory sued on, on account of any facts existing at the time of their execution, those facts should have been set out in the plea, upon which an issue might have been taken and tried by the jury. The case, however, seems to have been fully presented to the jury upon all the facts pertaining to it by the consent of the parties, and thereby any legal objection which might have been taken to the plea is waived.

This brings us to the consideration of the second assignment of error, which is based upon the refusal of the court to give the instructions asked by the plaintiffs in error. Those instructions, which are four in number, question the validity of the proceedings in the probate court and of the commissioner in effecting the sale of the land. And this makes it necessary to examine those proceedings and the action of the commissioner in the sale of the land.

It appears that Robert Neal, as guardian of Emily Jones, a minor heir of Seaborn Jones, deceased, on the 6th day of September, 1859, filed his petition in the probate court of Carroll county, praying for a decree to sell the following described lands, to-wit: West half of north-west quarter, north-

east quarter of north-west quarter, north-west quarter of north-east quarter of section two; and east half, and east half of the west half of section three, in township twenty, range six east, in said county of Carroll, for the purposes of division among the devisees of the said Seaborn Jones, deceased. The said petition states that said decedent, by his will, devised to the said minors, John M. Jones, Patrick H. Jones, Seaborn Jones, and Mary Jones, his widow, and Reuben Jones, for life, and after his death, to his children, all his real and personal estate, and that among his real estate, was the land above described; that said land had never been divided, and is mostly in a plantation, which is getting out of order, and cannot be rented and kept for any fair interest on its value, and that it would be greatly to the interest of his ward to have her said undivided interest therein sold, which would then bring a fair price; the petition further states, that owing to the location of said land, it cannot be divided among the above mentioned owners, without great loss to them, and that it would be to the interest of the others, as well as of his ward, that the whole tract should be sold, and the proceeds divided among the owners according to their interest therein.

Upon filing the petition, citations were issued by order of the court, to all the parties in interest, except the ward of the petitioner, returnable to the first Monday of October next, thereafter. It was admitted on the trial, that process was executed on Reuben Jones and his children, on the 13th day of September, 1859, and on all the other parties on the 17th day of that month; the clerk of said court testified that the October term of said probate court failed.

On the 8th day of November, 1859, Andrew M. Nelson was appointed by said court, guardian *ad litem* for R. M. Jones, Thomas Jones, Nancy J. Jones, and Benjamin Jones, infants, who answered said petition by their said guardian; the adult defendants having failed to appear, the petition was taken for confessed as to them, and upon a final hearing, at the November term of said court, 1859, on the petition, the

decree *pro confesso* against the adult defendants, and the answer of said infants, R. M. Jones, Thomas Jones, Nancy J. Jones, and Benjamin Jones, by Andrew M. Nelson, their guardian, and proofs, the court decreed the lands to be sold on a credit of one and two years, and appointed Robert Neal, sr., commissioner, to execute the decree by selling the land, and making title to the purchaser upon his giving bonds with good security for the purchase money.

It is insisted that the decree is void, because the said devisees, the only parties in interest, were summoned to appear at the October term, 1859, of said probate court, to show cause why a decree for the sale of the land should not be made as prayed for in the petition, and that the decree was not made until the November term next following, without having a day set for the hearing of the cause. It appears from the testimony of the clerk of said probate court, that the October term thereof, to which the citations were returnable, was, from some cause, not held, and that the first court held after the application for an order to sell was made, was at the November term; and in consequence of the failure of the October term of said court, all suits and proceedings remaining therein undecided, stood continued, of course, until the next term; for it would be monstrous to hold that on account of a failure to hold the court at any regular term, the whole business of the court would be discontinued.

It is made the duty of the parties to the suit or proceedings, who have been served with process, to attend the court according to the command of the process. Rev. Code, 429, art. 20. Because the service of process in this case, upon the co-devisees was not made in the formal manner required by the statute, it is not on that account void, but only erroneous, and cannot, therefore, be impeached collaterally. Campbell v. Hays, 41 Miss., 561. The service of process upon them made them parties to the suit, which, in consequence of the failure of the October term, was continued by operation of law, until the November term, when the decree of sale was made; being subjected to the jurisdiction of the court, by

the service of process upon them, it was their duty to have appeared on the day fixed by law for the commencement of the November term, and contested, had there been any grounds for doing so, the application for a decree of sale, and the failure to do so does not in any way vitiate the decree, which we regard as valid and binding upon all the parties and privies to the proceeding.

It is very clear that this was an application by the guardian, under article 153 of the Revised Code, 464, for a decree to sell his ward's interest in the land devised, or if, upon the final hearing of the cause, it should appear that the land cannot be conveniently divided among the devisees, then for a decree to sell the same for a division of the proceeds among the ward and her co-devisees.

It is contended by counsel for the plaintiffs in error, that it was necessary to the validity of the proceedings in the probate court, that the petition of the guardian for a decree of sale of the lands should have been verified by oath; that the court should have appointed a day for the hearing of the petition, and that at least three of the nearest relations of the minor, if there were any in the state, should have been summoned as required in article 151 of the Revised Code, 463.

By reference to article 153, under which these proceedings were had, it will be seen that these things are not required as prerequisites to a valid decree of sale under this article, which provides that when lands, tenements or hereditaments, shall descend to or be devised to heirs or devisees jointly, one or more of whom are minors, and equal division thereof cannot conveniently be made, the guardian of such minor may petition the probate court of the county in which the letters were granted for an order to sell his ward's share or interest in the land, and the court after summoning the heirs or devisees, may proceed to hear such application, and if it should deem it proper, may make a decree of sale of the ward's interest as in other applications for the sale of real estate by guardians, and the sale and report thereof shall be

made in like manner, and subject to all the provisions of
other sales made by guardians, or the court may order the
whole of such real estate to be sold, and the proceeds to be
divided among, and secured to, the persons entitled thereto.
From this it will appear that it is the decree, sale and report
thereof, that are required to be made as in other applications
for the sale of real estate by guardians.

In the case at bar it appears that the petition for an order
to sell the land had been presented to the court more than
one month before the decree of sale was made, and the
co-devisees were cited to appear at the probate court to show
cause why the decree should not be made, for an equal
length of time before the said decree was made. There was
no necessity to cite the minor, who was represented by her
guardian, who had no interest in the subject matter of the
suit and proceedings in the probate court. And the failure
of part of the devisees to appear at the term of the court
when the decree of sale was passed, does not, in our opinion,
affect the validity of the decree. The validity of the sale of
the land under this decree is assailed on the ground that the
commissioner did not give the notice of the time, place, and
terms of the sale required by the order of the probate court.
It is assumed that unless the order is strictly pursued in this
respect, the sale is void. This position cannot be maintained.
It is believed to be well established law, that a sale by an
officer is not affected by a failure to give the notice directed
by the law. The irregularity of the officer in giving notice
of the sale will not affect the title of the *bona fide* purchaser
at such sale. Property would never command its value when
the purchaser's title is to depend upon the regularity of the
notices of sale. Minor v. the President and Selectmen of
Natchez, 4 S. & M., 602 ; and Bland v. Muncaster, 24 Miss., 62.

It is objected that the sale of only part of the land sold,
was reported to and confirmed by the court, and in conse-
quence of which the purchaser acquired no title to that part
of the land sold, the sale of which was not reported to and
confirmed by the court. This objection is founded on that

which purports to be a copy of the report of sale of said lands, the original reports of the sale being lost. The petition, the decree of sale, and the deed made to the purchaser at the sale, agree in the description of the land, and the report of the sale, as set out in the copy in the record, states that the commissioner appointed by the court to sell the real estate of the late Seaborn Jones, containing 640 acres, did, after giving notice of the sale, sell said land, between the hours prescribed by law, to Marion Hanks, who was the highest and best bidder, at $9 per acre, on a credit of one and two years, the sale amounting to $5,760, for which he took bonds with approved security. The land described in the petition, decree of sale, and deed to the purchaser, contain 640 acres, agreeing in quantity with the above statement in the report of sale. And the order confirming the sale states that the report of the commissioner appointed to sell the real estate of Seaborn Jones, deceased, described in the decree, having been examined by the court, was confirmed. These concurring facts very clearly indicate that the discrepancy in the description of land in the writing purporting to be a copy of the report of sale, is a mere clerical mistake in the copy, and that the entire tract of land described in the petition, decree of sale and deed, to the purchaser, was sold, and the sale thereof confirmed. And this conclusion is corroborated by the commissioner's report, that he sold the real estate of Seaborn Jones, deceased, containing 640 acres (the quantity specified in the petition, decree and deed), to Marion Hanks, at $9 per acre, making the amount of the writings obligatory sued on in this action, and that was the only estate which was decreed to be sold by him. We, therefore, think that the court below did not err in refusing to give the instructions asked by the plaintiffs in error.

The third and fourth assignments of error will be considered together, as the first of these is founded on giving the intruction asked by the defendant in error, and this is assigned as one of the grounds of the motion for a new trial. Although

this instruction as a legal proposition may not be correct, yet as the evidence shows that the verdict is right, there was no error in overruling the motion for a new trial. The rule is, that the verdict will not be disturbed when it is according to law and the justice of the case, though the instruction be erroneous.

It is contended that it is not alleged in the petition for the order of sale, that the land could not conveniently be divided among the devisees, and that this fact should have been alleged in order to give the court jurisdiction of the case. We think it is sufficient, if it appear from the allegations in the petition, that it could not be conviently divided among the owners. The petition avers that the land cannot be divided among the onwers thereof without great loss to them, and that it would be to the interest of the minor and her co-devisees, that the whole tract should be sold' and the proceeds divided among owners, according to their interest therein. This is deemed a substantial compliance with the statute, and is equivalent to the allegation that the land cannot conviently be divided.

It is objected by counsel for the plaintiffs in error, that the article 153 of the Revised Code, under which the decree of sale was made, is unconstitutional so far as it authorizes the probate court to decree a sale of the real estate of adult persons. This position is not tenable. It is the exercise of a power conferred by statute, like that given to the probate court to decree the sale of real estate of devisees and heirs by the executors and administrators, for the payment of the debts of the decedent. The probate court as to the jurisdiction conferred by the constitution, is a court of original jurisdiction. The power of that court over realty is derived from legislative grant, and is a donation of special and limited jurisdiction. The terms, "all matters testamentary and of administration," as used in the constitution, embrace only matters which concern that property, which is the subject of administration by executors and administrators, and which vested in the personal representative. The real estate does

not vest in the personal representative, and is not the subject, therefore, of administration at common law, but descends upon the heirs of deceased, or goes to the devisee. Hence, it is held that the power to deal with it is conferred by statute, and not by the constitution. Root v. McFerrin, 37 Miss., 17.

We think that the provision of the statute under consideration is not liable to the objection raised to it, and was within the legitimate exercise of legislative power.

The judgment of the court below is affirmed.