A. S. CASTON ET AL. v. ZACK CASTON ET AL.

1. TAX-SALE. *Judicial proceedings. Act of 1872. Insufficient notice.*
   The revenue act of 1872 (Acts 1872, p. 1) provided that upon receipt of the lists of delinquent lands the Boards of Supervisors should cite the owners of the land to appear on a day named and pay the taxes, or show that the same had been paid, and that if the owners respectively failed to do either of these things, the board should enter judgment condemning the lands to sale on a certain day, not less than thirty days from the date of the judgment, for the payment of the taxes due thereon. A judgment under this act fixing the day of sale in less than thirty days from the date of the judgment is void, and a sale thereunder confers no title on the purchaser.

2. SAME. *Sect. 8, Art. XII, Constitution, applied.*
   Sect. 8, of Art. XII, of the Constitution which declares that "the courts shall apply the same liberal principles in favor of such titles (tax-titles) as in sales by execution," applies only to that class of cases in which, the power of sale existing, it has been defectively or irregularly executed, having no application to those matters which are necessary to be done to confer such power.

APPEAL from the Chancery Court of Amite County.

Hon. H. S. VAN EATON, Chancellor.

Certain lands of Madison G. Caston became delinquent for taxes for the year 1873, and the Board of Supervisors of the county where the land was situated, having cited the owner, as provided in the revenue act of 1872 (Acts 1872, p. 1), rendered a judgment on the 7th of April, 1874, condemning the lands to be sold on the 4th of May, 1874, for the payment of the taxes due thereon. The lands were accordingly sold, and G. H. Barny became the purchaser thereof. He conveyed the land to A. S. Caston, who obtained possession thereof. In 1882, Madison G. Caston being dead, his heirs filed the bill in this cause, alleging, amongst other things, that the judgment of the Board of Supervisors condemning the land to sale was illegal in not allowing an interval of thirty days between the date of the rendition thereof and the day fixed for the sale, as provided for in the act of 1872, and that the sale conferred no title on the purchaser. The prayer of the bill was that the deed from the tax-collector to Barny be cancelled, and that A. S. Caston be compelled to convey to

the complainants his title to the land.    The defendants demurred to the bill.    The demurrer was overruled and the defendants appealed.

*B. F. Johns*, for the appellants.

The failure to give the thirty days' notice does not make void the sale for the following reasons :   The Constitution, Art. XII, sect. 8, provides that " the courts shall apply the same liberal principles in favor of tax-titles as in sales by execution." In the case of *Minor* v. *The City of Natchez*, 4 Smed. & M. 62, the court hold that the total want of notice does not invalidate a sheriff's sale to a *bona fide* purchaser.    The same case was again before the court, and is reported in 10 Smed. & M. 255. The doctrine above declared is reaffirmed after most elaborate argument.    On p. 258, 10 Smed. & M., the court use this language :   " But when the court has authority to render the judgment or issue the process and merely errs in its judgment, then the judgment and execution are only voidable, and until reversed for error are valid and convey a good authority to the sheriff, whose acts are as valid as if they were not voidable for error." In the present case the Board of Supervisors had jurisdiction of the person and subject-matter, and had full authority to condemn the land for sale.    If, in fixing the day of sale, error was committed, this does not make void the decree, but only voidable ; and if the party in interest failed to have said error corrected (he being in court), it is now too late to complain. See *Bland* v. *Nuncaster*, 24 Miss. 64.

*Frank Johnston*, for the appellees.

The tax-sale was fatally defective and conferred no title on the purchaser.    Prior to the statute of 1872 (Acts 1872, p. 2), the statute in force fixed a certain day each year for the tax sales.    It has been well settled that a sale on a day other than the one fixed by law was void and conferred no title. *Mead* v. *Day*, 54 Miss. 68 ; *McGee* v. *Martin*, 54 Miss. 579 ; *Harkreaden* v. *Clayton*, 56 Miss. 383.    The statute of 1872, (*supra*), changed the mode of condemning the land, and introduced the new procedure of a *quasi*-judicial proceeding

and judgment of condemnation by the board of Supervisors. It was provided that the board should name or designate a day for the sale of all delinquent lands. Before that statute, the law fixed the day. Under that act, the day was to be designated by the board, with this distinct and important provision, that the day named was not to be less than thirty, or more than sixty days from the date of the order or judgment. There are many things that must be done, that are essential to the validity of a tax-sale. The time and place and manner of selling must be in compliance with the law to make the sale good. *Virdin* v. *Bowers,* 55 Miss. — (and opinion of Ch. J. Campbell, p. 26).

It is idle, therefore, to attempt to treat this as we would the judgment of a court of general jurisdiction. It is not a question of error or no error, but a question of power, and if the board could dispense with three days, why not ten? Why not name the day following the judgment as the sale day? The constitutional direction may present difficulties of application, but not in this case.

COOPER, J., delivered the opinion of the court.

The demurrer was rightly overruled.

By the act of 1872 (Acts 1872, p. 1), the Boards of Supervisors were authorized to condemn for sale on a day to be named in their order, not less than thirty days from its date, lands which were delinquent for taxes. The sale of the lands sought to be recovered in this suit was made under an order of the board directing them to be sold at a day named, less than thirty days after the date of the order. This order the board had no power to make.

In the cases of *Minor* v. *Natchez,* 4 Smed. & M. 619 ; *Bland* v. *Nuncaster,* 24 Miss. 62, and *Hanks* v. *Neal,* 44 Miss. 212, the sales were made by the officers authorized to sell, without first having given the statutory notice. In those cases, the judgments under which the sales were made were regular and valid. The defects consisted only in the irregular

exercise of a legal power of sale conferred by them. In the present case the tax-collector conformed his action to the directions contained in the judgment of the board; but this judgment was rendered in proceedings of a special character, by a court whose jurisdiction and power are both conferred and limited by the provisions of the statute under which it acted. The statute was the measure of its jurisdiction, and whatever was beyond the statute was beyond its jurisdiction. The sale directed to be made finds no warrant in the statute and is therefore void.

Sect. 8 of Art. XII. of the Constitution, which declares that " the courts shall apply the same liberal principles in favor of such titles (tax-titles) as in sales by execution " applies only to that class of cases in which, the power of sale existing, it has been defectively or irregularly executed. It has no operation as to those matters which are necessary to be done to confer such power.

The decree is affirmed.