THOS. B. WILSON et al. v. S. L. A. DUNCAN, by next friend.

1. CHANCERY COURT—JURISDICTION—SALE OF MINORS' LAND.—Where one of several minors, by her next friend, sues her guardian and her co-heirs in chancery, alleging that certain lands had descended to them from their father—that the personal estate of these heirs had been wasted, and that the means of support of this ward, D., was her third interest in these lands; and that it was to the interest of all the children that the lands should be sold; that a partition of the lands could not be made; and the answer of the guardian admitted the truth of these allegations. *Held:* That the authority of the chancery court is ample to order a sale of the lands, and to make a distribution of the proceeds among the heirs.

2. SAME—TITLE UNDER SALE.—The chancery court has jurisdiction to order the sale of "any real estate held in joint tenancy, or tenancy in common, when a sale will better promote the interests of all parties than a partition;" Rev. Code, 557, art. 73; and when lands are not susceptible of a division, a clear case arises of the necessity and benefit of a sale. But the sufficiency of the reasons for such a sale, is to be determined by the chancellor; and although he may decide that erroneously, yet the title will pass to the purchaser.

Appeal from the chancery court of Pontotoc county. POLLARD, J.

The appellants filed the following assignment of errors:

1st. The chancery court erred in overruling the exception filed by appellant, Wilson, to the report of E. C. Bell, commissioner.

2d. The chancery court erred in overruling the second exception filed by appellant, E. C. Jones, as guardian.

*Sale & Dowd,* for appellants.

No court has jurisdiction to sell infants' lands, unless conferred upon it by the legislature. Tyler on Infancy and Coverture, 296, *et seq.;* Taylor v. Phillips, 2 Vesey, sr., 23; Russell v. Russell, 1 Molloy, 525, and in 12 Eng. Ch. R., 258, 259; "*in re,* a minor," 1 Molloy, 528; Garmstone v. Gaunt, 1 Collyer, 577; Rodgers v. Dill, 6 Hill, N. Y., 415, 417; Onderdonk v. Mott, 34 Barbour, 106.

In Mississippi, at the time of filing the original bill, and at the date of the interlocutory decree of sale in this case, such power is thus given by the constitution and statutes, only to the probate court. Rev. Code, 30, art. 4, § 18 of Const.; ib., 38, Amendment 3, § 16 of Const.; ib., 463, 463, 464, arts. 150, 151, 152, 153.

The power conferred upon the chancery court, Rev. Code, 551, art. 73, to decree a sale of the lands of tenants in common, etc., whenever it "will better promote the interest of all parties," plainly contemplates adult tenants in common only. The legislature cannot be held to have intended to so violate the provisions of the constitution, as to empower any other than the probate court to intermeddle with the legal title to the lands of minors. Where they are concerned, appropriate provision for such an emergency is fully made in art. 153, of the Code, 564 *supra.*

Nor does such power inhere originally in courts of equity, as an incident to their jurisdiction of questions of "partition," even among adults. They decree "owelty" to be paid as compensation for inequality of values; but not a sale of the whole. The shares being in that way made equal, conveyances are directed. Yet, even in this proceeding, the infancy of one of the parties operates a hindrance. 1 Story's Eq. Jur., § 652, and notes.

The jurisdiction of the probate court over the matters thus confided to it by the constitution, is exclusive of all other

courts—over matters of administration.    Blanton v. King, 2 How., 856; Hamberlin v. Terry, ex'r, 7 How., 143; Green v. Creighton, 10 S. &. M., 159; Searles v. Scott, adm'r, etc., 14 ib., 94; Neylans v. Burge, ib., 201; Jones v. Irvine's ex'rs, 23 Miss., 361; Ratcliffe v. Davis, 38 Miss., 107; Capers v. McCaa, 41 Miss., 480.

All our courts, including the chancery, derive their jurisdiction from the constitution; and the expressing of jurisdiction over certain matters for one, excludes it from all others. If the probate court can give the desired relief in estate and orphan's matters, equity cannot be resorted to. But if it cannot, then equity may administer precisely as in case of inadequacy of relief in any other court.    Carmichael v. Browden, 3 How., 252; Powell v. Burruss, 35 Miss., 605, 615.

The relief here sought, by sale of the lands, may be directly given by the probate court, and expressly upon each of the grounds stated in the bill; and the same power is nowhere conferred upon the chancery court, where infants are concerned.    Rev. Code, 462, 3, 4, *supra.*

If the probate court could have administered the relief desired (and who will deny that it could), it is because that part of the subject matter of the bill is orphans' business or minors' business; and being such, the jurisdiction of that court is exclusive, as we have seen, if there be any subject over which its jurisdiction is exclusive.

Exception to the want of jurisdiction over the subject matter of a suit, may be taken at any stage, and in any manner; and if not taken before judgment, the judgment itself is void.    The defect cannot be waived, either impliedly or expressly.    Story's Eq. Plead., §§ 10, 34, 492; Buckingham v. Bailey, 10 S. & M., 538; Bell v. Tombigbee R. R. Co., ib., 549; Green v. Creighton, 10 S. & M., 163; Bostwick v. Perkins, 4 Georgia, 47; Rhode Island v. Massachusetts, 12, 657; Eberly v. Moore, 24 How. U. S. Rep, 147; Scott v. Sanford, 19 How., 397; Heriot v. David, 2 Wood. & Minot C. C. R., 229; Bobyshell v. Oppenheimer, 4 Wash. C. C. Rep., 482;

Ward v. Thompson, Newbury, 95; 1 Dan. Ch. Prac., 580, note 2.

In this case, the usurpation of jurisdiction occurs in an interlocutory decree. Such a decree, before it is made final, may be set aside by the chancellor at any term of the court, and for any good cause. No cause can be better than that of want of jurisdiction over the subject matter of the interlocutory decree. Cook's heirs v. Bay et al, 4 How. Miss. R. 485, 491, 503, and cases cited in argument and opinion; Mills v. Hoag, 7 Paige Ch. R., 18; 2 Dan. Ch. Pr., 1001, and notes 1, 2; ib., 1903-4, note 4.

Even the purchaser at the sale may raise the objection, if his title be injurously affected. He is already a *quasi* party by virtue of his purchase, and is subject to the jurisdiction of the court. He may move by petition. Deaderick v. Smith, 6 Humph., 118, 147; Read v. Fite, 8 Humph., 328, directly in point; Deaderick v. Watkins, ib., 520; Van Bibber v. Sawyer, 10 Humph., 81; Crabtree v. Nibtell, 11 Humph., 488; Jackson v. Edwards et al, 22 Wend., 498; 2 Dan. Ch. Prac., 1271-2-3-4; ib., 1281, note 3; ib., 1283 and note 3, constitution.

We need not adduce argument or illustration to show that that question is referable alone to the time when the bill was filed. It is still further beyond dispute, if the requisite jurisdiction was wanting, when the decree complained of was reduced.

*C. D. & J. W. Fontaine,* for appellee.

There was no error in overruling the exception of Wilson and Jones to the report of the commissioner.

The objection to the former, of the court to order a sale of the land, the principal relief prayed for in the bill, comes too late after decree; the same being *res adjudicata,* and can only be impeached by bill of review or supplemental bill in the nature of a bill of review or appeal, Story Eq. Pl., 444, 445; and not by motion to disallow supplemental bill, or even demurrer thereto, where the same is filed for

directions to appropriate the fund created by the decree. Nor can exceptions to the report of the sale extend to anything more than a departure from the directions of the decree, or error in the report. Story's Eq. Pl.; Clark v. Martin & Bell, 1 How., 558; Miller v. Furse, 1 Bailey Eq., 187.

No court has gone further than to allow objections to the jurisdiction, except in the usual modes of demurrer, plea or answer, at the hearing of the cause. The following authorities extend the rule beyond the hearing: Story's Eq. Pl., 9, 10; Brown v. Bank of Mississippi, 31 Miss., 454; 2 Rob. Prac., 300; 1 John. Ch., 428; Mitford's Eq. Pl. (3 ed)., 100; Osgood v. Brown, Freem. Ch., 400. A party will not be permitted to re-litigate a matter once adjudicated, by merely presenting new arguments, on a state of facts not materially different. Moody v. Harper, 38 Miss., 600; Moss v. Davidson, 1 S. & M., 145; Stewart v. Stebbins, 30 Miss., 67. A decree can only be got behind by supplemental bill in the nature of a bill of review. 2 Daniel's Ch. Pr. and Pl., 1000–1; 40 Miss., 500; Story's Eq. Pl., 421, *et sequiter*; Smith's Ch. Prac., 11. To ascertain the subjects of jurisdiction conferred on the chancery court in the grant " of full jurisdiction in all matters of equity." Service v. Beatty, 32 Miss., 82; Blanton v. King, 2 How., 856; Carmichael v. Browden, 3 How., 254·

Besides those specific subjects which are concurrent with those expressly conferred to the probate court, mentioned by Judge Smith, is this the very question of partition, which was always, at and before the adoption of the constitution, a matter of concurrent jurisdiction of the chancery court. 1 Story's Eq. Jur., 599, 611. Because that court alone can decree owelty of partition; 2d. To make allowance for improvements, if there be one party; 3d. And to require an account for rents, issues and profits as this bill prays; 4th. To make conveyances; 5th. And this especially in the case of infants; 6th. And because not restrained to mere allotment of the land, as courts of law (probate courts) are; 7th. Various other matters and powers peculiar to a court of equity. 1 Story's Eq. Jur., 610, 611; 2 Rob. Prac., 10, 11.

And taking jurisdiction for any one of the above grounds (for an account) will give all incidental relief. Wood and wife v. Ford, 29 Miss., 67; Gilliam v. Murray & Chancellor, 43 ib., 437; Cable v. Martin & Bell, 1 How., 558. And will entertain jurisdiction where the remedy is more full and complete than at law. Baine's adm'r v. Lloyd, 1 How., 584.

There it was certainly within the grant of full jurisdiction in all matters of equity, conferred by the constitution, and again expressly, by a declaratory act of the legislature. Rev. Code, 551, art. 73; ib., 555, art. 97.

The same jurisdiction is granted in case of infants, but restricted to the particular instances of a sale of land of the wards, when an equal division cannot be made. Rev. Code, 464, art. 153.

The statute relied on by counsel for appellant, does not authorize the probate court to sell the undivided land; but only the ward's part or share by the guardian when for his interest. Rev. Code, 463, art. 151. Article 117 only authorizes a mere naked allotment by metes and bound as under a writ of partition at common law.

In Rev. Code, 454, art. 117, where the probate court is authorized to divide, it cannot allow anything for owelty of partition, improvements, or require an account for rents, issues and profits, nor can it marshal assets where personal estate is insufficient.

But it is said by counsel for appellants, that this statute does not apply to infants, and reads an authority to show that no court possessed the inherent power to sell the lands of infants. Tyler on Inf. and Cov., 296, § 193; Story's Eq. Jur., 606; Rev. Code, 555, art. 97.

The authorities relied on by counsel for appellants to show that all the subjects of jurisdiction confided by the constitution to the probate court, were exclusive of the chancery court, are Blanton v. King, 2 How., 856; Carmichael v. Browder, 3 ib., 254. Both of which are expressly overruled, so far as the construction which is here put upon them and contended for. Serves v. Beatty, 32 Miss., 82.

Hamlin v. Terry, 7 How., 143, simply decides that an issue of *devisavit vel non* is not within the jurisdiction of chancery, but of the probate court.   Green v. Creighton, 10 S. & M., 159.   Stubblefield v. McRaven et al., 5 S. & M., 130, 142, simply shows, that mere matters of administration do not belong to chancery, but to probate courts, and equity will even then interfere, if there is fraud.   Marbio v. Bird, S. & M., 214; Davis v. Ratcliff, 38 Miss., 107.

*Walter & Scruggs,* on same side,

Upon the point of jurisdiction of equity to sell the lands of infants, when beneficial to them, cited Clifford v. Clifford, 1 Dessauseur, 115; Huger v. Huger, 3 ib., 18; Stapleton v. Langeloff, ib., 22.

SIMRALL, J.:

Sarah L. A. Duncan, a minor, by her guardian, C. G. Mitchell, filed a bill in chancery, against E. C. Jones and his wards, Thos. H. and Nancy I. Duncan, for an account of the rents and profits of certain lands, which were in his exclusive possession, as such guardian, and which lands descended from their father to the said three minors, in equal parts.   The bill averred that the personal estate of these children had been wasted, and that the only means of support of his ward, Sarah A. Duncan, was her third interest in these lands; that it was to the interest of all the children, that the lands should be sold; that a partition could not be made, and a necessity for this reason existed for the sale.

Jones, the guardian, admitted the material allegations of the bill, and acquiesced in the propriety of the sale.   A decree was made appointing Enoch C. Bell, a commissioner, to sell the land for cash, make a deed to the purchaser, pay the costs to be taxed, and report at the next term of the court, when the money would be disposed of by the further order of the court.

In July 1870, the commissioner filed his report, showing a sale of the land to several purchasers, for the aggregate

price of $6,237 cash, and that having paid sundry items for costs, expenses, and counsel fees to complainants' solicitors, there was left in hand $582 41 subject to the order of the court. At the August term following, Jones, guardian, exhibited exceptions to the account. 1st. To the counsel fee of $311 87; and 2d. That the chancery court had no jurisdiction to sell the lands of infants, and the sale was therefore null and void. At the same term of the court, Thos. B. Wilson, who was a purchaser of part of the lands, on his petition, was made a party defendant, and permitted to file exceptions to the report. Whereupon he objected to all the proceedings under the decree, as null and void, and asked that the decree and sale be set aside and that the deed to himself be surrendered and canceled, and the money paid by him to the commissioner be refunded. The first exception taken by Jones, was sustained; his second exception, and also the one made by Wilson, was overruled, and from this decision, Jones and Wilson took separate appeals.

The error assigned here, is the overruling of those exceptions; and that involves the question of the jurisdiction of the chancery court to order a sale of the lands of infants, held in joint tenancy, or as tenants in common, on the state of facts made in the pleadings.

In Rozens v. Dill, 6 Hill (N. Y.), 416, it was said that there was no inherent original jurisdiction in a court of equity, to sell the land of an infant. Lord Hardwicke declared in Taylor v. Phillips, 2 Vesey, jr., 23, there was no instance of the court binding the inheritance of an infant, by any discretionary act of the court; as to personal things, it has been done, but never as to the inheritance. Calvert v. Godfrey, 6 Beav., 97; Stone v. Tweed, 2 Bro. C. C., 243. These authorities go to the point—that the court cannot direct a sale on the mere allegation that it would promote the interests of the minor. The argument is addressed to us on behalf of the appellants, that the jurisdiction to sell the real estate of minors, pertains exclusively to the probate court. Section 18 of the Revised Code, under the title " Of the duties and

powers of the guardian," contain these provisions. Code, 463, art. 150. The probate court, when necessary for maintenance and education, may allow a sale of part or the whole of the ward's land. Article 151, may direct sale of the land in whole or part, " when the guardian may think it would be for the interest of the ward." Article 153, the guardian may sell the ward's share, when there has been a descent or devise jointly, " one or more being minors, and an equal division cannot be made," or the court may order the whole to be sold, and a distribution of the money among those entitled. It seems to be clear that an application to sell in any of these circumstances, must be made by the guardian, and they do not embrace the case of adults ; except there may be adult heirs and devisees, when the guardian proceeds under art. 153.

But these provisions of the statute, are not all that apply to the sale of the lands of joint tenants, and tenants in common. In proceedings for partition, if the commissioners report that none of the parties will take the share containing the buildings, and pay the excess of its valuation over the other parcels ; or, " if no division can be made," the judge may order the commissioners to sell the entire premises on such terms as he may prescribe. Rev. Code, 319, art. 59·

The chancery court has jurisdiction to order the sale of " any real estate held in joint tenancy, or tenancy in common, when a sale will better promote the interests of all parties than a partition." Rev. Code, 551, art. 73. If the lands are not susceptible of a division, a clear case is made of the necessity and benefit of a sale. Of sufficiency of the reason for the sale, the court is to judge. The power to make the sale of real estate jointly held, is conferred, and the title will pass to the purchaser, although the court may have decided erroneously as to the matter of benefit to the parties. Like all other judgments, where jurisdiction obtains over the subject matter and the parties, it is valid until reversed or vacated. But it is objected that cognizance over the subject, must be limited to cases where all the tenants of the estate, are adults, because the constitution of

1832 and amendments thereto conferred exclusive jurisdiction on the probate court, over matters testamentary, administration and "minor's business." It would be profitless, now to trace the boundaries of the chancery and probate courts, as defined in the cases of Blanton v. King, and Browder v. Carmichael, and the many others subsequent thereto. Dismissing this subject in Servis v. Beatty, 36 Miss., 83, the court observed, " recourse must be had to the acts of the legislature, and to other systems in which the principles of equity jurisprudence are applied, and the subjects of its jurisdiction defined," in order to learn the extent of its cognizance.

The constitution of 1832, granted to the chancery court " full jurisdiction in all matters of equity." The act of 1833, Hutch. Code, 679, conferred on the probate court power to order the sale of lands of joint tenants and tenants in common, whenever an equal division can not be made. This is doubtless the original of art. 153, in the revision of 1857. So that in rather broader terms, the jurisdiction granted by the act of 1833 to the probate court, is, by the Code of 1857, transferred to the chancery court. It is manifest that the act of 1833 was not confined to the case where one or more of the tenants were infants; the fact on which the jurisdiction by this act attached was, that an " equal division could not be made." In the code, the right of the chancery court to sell, arises when it shall appear " to be to the interest of all concerned." We are reminded by the court in Servis v. Beaty (*supra*), that for the sources and extent of equity jurisdiction, we must look to the statute and the system of equity law. Here is a statute expressly empowering the chancery court to order sale of realty held by coparceners, tenants in common, and joint tenants. At common law there seems to have been no authority in any of its courts to sell the land in the condition of facts mentioned in our statutes. At law, there was the ancient writ of partition sent down to the sheriff, directing him, with his jury, to make partition, but for any inequality in the several parcels, there

was no power to award compensation. On account of the inadequacy of this remedy to do complete justice, certainly as early as the reign of Queen Elizabeth, and perhaps earlier, the high court of chancery in England entertained bills for partition. But in the origin of the jurisdiction there were special reasons, as where one party had expended large sums for improvements. Although a lien does not attach on the lands, yet a court of equity would direct an account, and compel compensation. So when one tenant in common has been in the exclusive perception of the rents and profits, an account will be decreed as well as partition. 1 Story Eq., § 655. So also, one tenant may be compelled to pay owelty by way of equalizing the several shares of the premises.

The remedy in chancery was so much more convenient and full, that it is (where not regulated by statute) resorted to almost exclusively, and it is now the settled doctrine that it is not necessary to state in the bill any peculiar ground of equitable interference. Mitford Pl., 120; 1 Fou. Eq., B. 1, chap. 1, § 3, note f. At the time of the adoption of the constitution of 1832, included in the grant of "full jurisdiction in matters of equity," was this cognizance over the partition of lands, and if the statute had not introduced a simpler, cheaper and more expeditious remedy, it would doubtless have been employed. To this original jurisdiction of a chancery court, the Code of 1857 merely added authority when the necessity existed to sell the lands and distribute the money. The probate court is constituted with exclusive jurisdiction over minors' business. The court of chancery with "full jurisdiction in matters of equity," it would seem to us, looking to the general scope of powers and duties of these tribunals, that it would be more natural, more in harmony with its jurisdiction and remedial agencies, that the power to sell the land of coparceners and tenants in common should be referred to the chancery than to the probate court.

We cannot concur with the counsel for the appellants, that the infancy of one or more of the tenants in common, etc., interrupted the jurisdiction. It might interfere with the

present conveyance of the minor to the other tenant, but did not hinder an assignment of a separate possession. Such decrees, like all chancery decrees affecting infants, gave them a day after attaining majority to show cause. But in England this has been altered by act of parliament. The cases in New York, to which we were referred, arose under peculiar statutes. Portley v. Kain, 4 Sand. Ch., 509. The words were "any one or more being of full age." The vice-chancellor remarked that these words were introduced into the revised statutes in conformity to the decision of the supreme court in Doe *ex dem* Gillespie v. Woolsey, 11 Johns., 455. This case occurred under the act of 1785. The objection to the partition was that one of the applicants for partition was an infant. The 15th section of the act under which the proceedings were had—"it may be done at the instance of one or more of the parties interested in the lands to be divided." It was held, therefore, that an infant was as clearly embraced in the act as an adult. The language of article 73, p. 551, of the code, is almost identical with the New York statute of 1785, to-wit: "The chancery court may, upon bill filed by any of the parties in interest, order a sale," etc. The right of access to the chancery court is without limitation or restriction, embracing infants as well as adults; and we have placed the same construction upon it as was given a like statute by the supreme court of New York. We think the counsel for the appellant is mistaken as to the character of the decree for the sale and the account. It is final and not interlocutory, and was not, therefore, under the control of the chancellor after the expiration of the term at which it was passed. In Robertson v. Johnson, 40 Miss., 502, a decree foreclosing the vendor's lien, and directing the sale, was held to be final, and partakes of this character, although there has been no confirmation of the sale. The acts of the commissioner in making the sale, and report, are ministerial and executory. The confirmation is the adoption and ratification of his acts as properly done.

Concurring with the chancellor that there was jurisdiction

to sell the lands in controversy, there is no error in the ruling complained of. This conclusion makes it unnecessary to consider the other questions made in the argument.

Decree affirmed.