## Martha M. Hicks *v.* Magdaline Steigleman.

1. Evidence—Demurrer to.—In deciding upon a demurrer to evidence, every thing which a jury might reasonably infer from the evidence demurred to, is to be considered as admitted, and when the demurrer is uncertain as to the facts proved, the court instead of giving judgment upon it, will award a *venire de novo.*

2. Possession Acquired by Mere Entry.—In cases where the parties claimed in virtue of their possession alone, it is a well established principle that a prior occupancy is sufficient title against a wrong doer, or against a possession acquired by mere entry.

3. Abandonment of Possession.—To prevent a recovery on a prior possession by abandonment, the abandonment must be without any intention of resuming it, and if there is the *animus revertendi,* the plaintiff may recover merely by virtue of such possession. An intention to abandon property, for which the party has paid a valuable consideration, will not be presumed.

4. Adverse Possession—Statute of Limitations.—To enable the defendant, who relies upon her possession alone, to succeed, she must show her possession to be adverse, and that possession to have continued for ten years. in order to ripen into a title, under the statute of limitations. Code, 1857, art, 1, p. 398.

Error to the circuit court of Warren county, Hon. Geo. F. Brown, Judge.

The defendant in error brought her action of ejectment against the plaintiff in error, in the circuit court of Warren county, to recover the possession of a lot of land in the city of Vicksburg, particularly described in the declaration, and to sustain said action read on the trial in evidence, a deed made by Harman Stidger to Elizabeth Borman, conveying the property in controversy, with the usual covenants of general warranty of title, and bearing date the 3rd day of March, 1847. Also a deed from Elizabeth Borman, and her husband Frederick Borman, conveying the property to defendant in error, for a valuable consideration, and bearing date the 6th day of October, 1847. Both deeds were properly acknowledged and recorded. Also a deed from C. Steele, tax collector, bearing date April 13, 1848. And another deed from Samuel W. Brown, tax collector, bearing date February 21, 1848; both conveying the property in controversy to defendant in error, and acknowledged and recorded.

The plaintiff in error then withdrew the case from the jury by a demurrer to the evidence, which was sustained by the court, and judgment rendered for the plaintiff in error.

The evidence was incorporated in a bill of exceptions, and the cause brought to this court upon a writ of error.

The following errors are assigned:

1. The court erred in sustaining the demurrer filed by defendant, to the evidence introduced by the plaintiff in the court below, on the trial of said cause.

2. The court erred in overruling the motion for a new trial.

*Nugent & Yerger*, for plaintiff in error;

This is not a mere question of possession, but is mixed up with muniments of title, which render its elucidation much more simple.

Mr. Tyler in his recent valuable work on ejectments and adverse enjoyment, lays down this rule in respect to those cases in which a recovery is sought upon the ground purely of a *prior possession.* "Ejectment is a possessory action, and possession is always presumptive of right, and it stands good until other and stronger evidence destroys that presumption. This presumption of right every possessor of lands has in the first instance, and after a continuous possession for the period prescribed by the statute of limitations, *under pretense or claim of right*, the actual possession ripens into a right of possession which will toll an entry. But until the possession of the tenant has become so matured, it would seem to follow that if the claimant shows a prior possession, and upon which the defendant entered, until its *having been formally abandoned as derelict*, the presumption which arose from the tenant's possession, is transferred to the prior possession of the claimant, and the tenant, to recall that presumption must show a still prior presumption; and so the presumption may be removed from one side to the other, *toties quoties*, until one party or the other has shown a possession which cannot be overruled, or put an end to the

doctrine of presumptions founded on mere possession, by showing a regular legal title, or a right of possession. This we take to be the only rational principle and policy which could be adopted when the question is one of possession alone.

It is true, as an elementary principle in an action of ejectment, that a party claiming the right to the lands in controversy, must recover, if at all, on the strength of his own title, and not on the defects in that of his adversary.

It has been so repeatedly adjudicated that it is useless to cite authorities.

This is, however, as between parties relying upon paper titles, and even if it were not, the general rule above referred to, does not apply to cases in which the *real owner*, neither objects nor *consents* to the possession of either party. In all such cases the court regards the better right as between the parties, to be vested in the first possessor.

This is but carrying out to its logical consequences, the rule of presumptions which attaches to the fact of possession. Such has been the express decisions of the best courts in the country.   Keams v. Conovan, 21 Cal., 291; Hubbard v. Barry, ib., 321; Buracus v. Coffin, 14 ib., 91; Newman v. Cincinnati, 18 Ohio, 323; Jackson v. Porter, Paine, 457; Robinson v. Doe, 6 Black., 85; Davidson v. Gent, 38 Eng. L. and E., 469; Onderdonk v. Lord, Hill & Denio, 129.   In this case the possession was under a deed of general warranty, dated twenty-five years ago, and certainly was enough to put the defendant upon proof; and without such proof to entitle the plaintiff to a recovery.   Downing v. Miller, 33 Barb., 386; Hicks v. Coleman, 25 Cal., 122; Daily v. Favre, 43 Mo., 556; Russell v. Erwing, 38 Ala., 44; Borel v. Rawlings, 30 Cal., 408; Buckner v. Chambliss, 30 Ga., 632; Hutchinson v. Paly, 4 Cal., 33; Winans v. Christy, ib., 70; Wilson v. Palmer, 18 Texas, 592; Nagle v. Macy, 9 Cal., 426; Jones v. Nunn, 12 Ga., 469; Jackson v. Hardee, 4 Johns., 202.

But without any title at all, the plaintiff in this action was entitled to recover against the defendant, who is wholly

without title, or even color of title.   Her older possession, though for a less term than twenty years, or by our statute of limitations ten years, carries with it a presumption of title sufficient to put the defendant on her defense, and must overcome that possession, because it is the possession, so far as this case goes, of a naked trespasser.   Leport v. Todd, 3 Vroom, 124; Middleton v. Johns, 4 Grant, 129; Bates v. Campbell, 25 Wis., 613; Paige v. O'Brien, 36 Cal., 559; Jackson v. Hubble, 1 Conn., 613; Schultz v. Arnot, 33 Mo., 172; Brewster v. Striker, 1 E. D. Smith's N. Y., 321; Bequeth v. Caulfield, 4 Cal., 278; Potter v. Knowles, 5 Cal., 87; Shunnery v. Phillips, 22 Penn., 151; Tappscott v. Cobb, 11 Grant, Va., 172; Hall v. Gittings, 2 Har. & J., 112; Day v. Alverson, 9 Wend., 223; Cincinnati v. White, 6 Peters, 431.

Indeed it has been held, and very properly, we think, that in actions of ejectment it is not necessary that a plaintiff *should show* a good title against all the world, and that it is enough if he has a right to the recovery against the defendant. Garrett v. Lyle, 27 Ala., 586; McCall v. Pryor, 17 Ala., 533. And the courts have gone so far as to say, when one dispossessed of land brings ejectment against an intruder, the defendant cannot defend by showing an outstanding title in another.   Huleck v. Scoville, 4 Gilm. 159; Jackson v. Hardee, 4 Johns, 202; Clark v. Diggs, 6 Iredell R., 159.   Certainly here the defendant could not, had she been disposed to make the effort, take advantage of an outstanding title in a third party unless she proposed to connect, and did connect, herself with the title of such third party.   Ryan v. Tomlinson, 39 Cal., 639; McAllister v. Williams, 1 Term R., 334; Zoronque v. Williams, 15 La., an. R., 76; Baily v. March, 3 N. H., 274; People of Enfield v. Permit, ib., 512.   If the court intended to lay down the broad proposition as applicable *to all cases,* that a plaintiff in ejectment can only recover when he shows a complete title in himself, we respectfully submit that the court was wrong.   Such is not the law as now decided by our most enlightened courts, and taken outside the facts, the statement of the learned judge

was unadulterated, *obiter dictum*, by which no court would consent to be controlled. The same objection obtains to the decision in the case of Doe v. Pritchard, 11 S. & M., 336, and Cunningham v. Dean, 33 Miss., 47.

As against a party seeking to recover on *prior possession alone, uncoupled with any valid claim of title,* the only defense by an intruder, which is at all sanctioned by authority, is that there has been such delay in bringing the suit that the prior possessor will be deemed to have *abandoned* his *claim to the possession,* or that there has been a formal abandonment in fact. In Whitney v. Wright, 15 Wend., 171, it was held that the omission by the first possessor to bring an action against a *disseizor claiming under title adverse for thirteen years, with knowledge of the adverse entry and continuance of possession under it,* would authorize a jury to find an *abandonment* of the claim by the prior possessor.

This is an apt illustration of the rule, and the present controversy wholly outside of it. The witness who testifies on this point says, " it was his impression" that Steigleman had entered into possession in 1858, and that his family had occupied it notoriously from that time to the 9th of December, 1872. No presumption of abandonment could arise upon such testimony as this, and beside the pendency of the rebellion for four long years, the trouble incident to the reconstruction of the State government, the suspension of the statute of limitations, the destruction of old courts and the organization of new, and the subjection of the State to military rule for several years, are all great historical events of which this court is bound to take judicial cognizance, and they sufficiently explain the reason and cause of the delay here, but the evidence fails to show anything like an abandonment.

The plaintiff was a married woman; there was *no evidence of any formal abandonment,* and before any *presumption of abandonment* could arise, there must have been a *disseizin under color of title adverse to that of the plaintiff, a continuance of possession thereunder to the knowledge of the*

*plaintiff for a long time.* Whitney v. Wright, *supra.* This disseizin and adverse holding must have been actual, visible, and exclusive, *commenced and continued under a claim of right.* Magee v. Magee, 8 George, 138.

The plaintiff's right of action accrued only when the *adverse* possession commenced, and possession only becomes adverse when accompanied by "a claim of right" or title. Adams v. Guice, 1 George, 397; Snodgrass v. Andrews, ib., 472. Certainly before the plaintiff could have been required to produce any testimony beyond that adduced on the trial of the case, the possession by defendant under a claim of trial was necessary to be proven; and that for the reason that the possession of the plaintiff, under deed of general warranty, was *prima facie* evidence of a seizin in fee. Heard v. Baird, 40 Miss., 793.

The plaintiff was, however, entitled to recover on the *tax deeds* read in evidence. They were executed in the year 1848, and of themselves are *prima facie* evidence that the collector performed all the things required of him by law before selling the land for taxes. Nor could they be impeached unless for neglect or fraud directly charged and proven. Acts, 1846, p. 79, art. 31. They vested in the purchaser a "full and complete title." The manifest intention of the law-giver was, that by the production of his deed after the period for redemption had expired, a purchaser at the sale of the land for taxes, should be *prima facie* entitled to recover. The provision of the Rev. Code, 1871, § 1700, is to the same effect. The policy of the law making tax deeds *prima facie* evidence has, in fact, become settled in this State by repeated acts of the legislature, and there is no reason for any other rule. Certainly when the law said that these deeds shall vest "a full and complete title," it meant something, and could only mean that the court should so hold, unless they were impeached for "neglect or fraud directly charged and proven." It did not mean that they should, "in any event," regardless of errors in assessment, pass "a full and complete title," but that *prima facie*

they should, and that the *onus* of impeaching them should be cast on the defendant. We therefore respectfully submit, that the judgment of the court below should be reversed, and that there should be a judgment in this court, rendered in favor of the plaintiff in error, on the demurrer to the evidence.

*T. A. & M. Marshall*, for defendant in error :

Plaintiff showed no record or paper title, except two tax deeds and two other deeds, without any evidence that either the tax *payers* or the *grantors* in either of the other deeds had any title whatever, and relied upon possession of six or seven years, between 1851 or 1852, to entitle her to recover.

In March, 1858, defendant, with her husband, went into possession of the premises, with the knowledge of plaintiff, and without any objection by her as purchaser, and have notoriously claimed and occupied it as their own ever since. They are not, therefore, either *trespassers, disseizors or intruders,* in any sense, and hence the authorities relied on by plaintiff are not applicable to this case, but rather sustain the judgment of the court below, especially those cited from the reports of this State.

Plaintiff lived in the same town, and on the adjoining or opposite square from defendant during the whole thirteen or fourteen years defendant has occupied and claimed the property, and she must be presumed to have *abandoned* or *yielded* her previous possession to defendant.

Counsel are in error when they call plaintiff a *married* woman. Her husband died in 1848, several years before she ever obtained possession of the premises. If this court should be of opinion that the judgment of the court below must be reversed, we ask that the case may be remanded. When it was tried in the court below, the leading counsel for the defendant was absent, and the other counsel representing her was *forced* into trial without any of her deeds or title papers, or even accurate knowledge, at the time, of

her claim or grounds of defense. Common justice to her, therefore, requires that the case be remanded, if the judgment should be reversed.

Peyton, C. J., delivered the opinion of the court:

On the 8th day of December, 1869, Martha M. Hicks brought an action of ejectment in the circuit court of Warren county, against Magdaline Steigleman, to recover possession of a certain lot of land in the city of Vicksburg, particularly set out and described in the declaration.

Upon an issue joined upon the plea of not guilty, the plaintiff read in evidence a deed made by Harmon Stidger to Elizabeth Borman, conveying said lot of land, with a covenant of general warranty of title, on the 13th day of March, 1847, for valuable consideration. This deed was duly acknowledged and recorded.

The plaintiff then read, in evidence, a deed executed by said Elizabeth Borman and Frederick Borman, her husband, on the 6th day of October, 1847, conveying, for a valuable consideration, the said lot of land to the plaintiff, with covenant of general warranty of title. This deed was also duly acknowledged and recorded. Plaintiff also read in evidence two deeds of conveyance made to her by the tax collectors of Warren county—one executed to her by C. Steele, on the 3d day of April, 1848, for the consideration of six dollars and twenty-five cents, and the other executed to her by Samuel W. Brown, on the 21st day of February, 1848. These deeds were duly acknowledged and recorded.

Whereupon the defendant withdrew the case from the consideration of the jury by a demurrer to the evidence, which was sustained by the court, and judgment rendered for the defendant. The evidence was incorporated in a bill of exceptions, and the cause comes here upon writ of error. In deciding upon a demurrer to evidence, everything which a jury might reasonably infer from the evidence demurred to, is to be considered as admitted.

Even in cases where the parties claim in virtue of their

possession alone, it is a well established principle, that a prior occupancy is sufficient title against a wrong doer, or against a possession acquired by mere entry. Hubbard v. Barry, 21 Cal., 321; Shultz v. Arnot, 33 Mo., 172; Wilson v. Palmer, 18 Tex., 595; and Administrators of Jones v. Nunn, 12 Ga., 469. To prevent a recovery on a prior possession, by abandonment, the abandonment must be without any intention of resuming it, and if there is the *animus revertendi* the plaintiff may recover merely by virtue of such possession.

If this be the effect of mere possession, much stronger must be the claim of the plaintiff be, when her possession, as in the present case, was held under *color of title* by deeds of conveyance, for which she paid, as a consideration, the sum of $389.37. And it is not to be presumed that the plaintiff, after having paid the above amount of purchase money for the property in controversy, and taken conveyances for the same, would relinquish the possession of said real estate, with no intention of returning to the same. It is contrary to that principle of human action, which stimulates persons to guard and protect their own interest, and it is, therefore, not to be presumed, without any evidence to that effect, that the plaintiff abandoned the possession without the *animus revertendi.*

The plaintiff proved by parol testimony that she was in the actual and notorious possession of the property in dispute, claiming title thereto from 1851 or 1852, to March 27, 1858. And one of the plaintiff's witnesses stated that it was his impression that Frederick Steigleman, husband of the defendant, went into possession of said property in 1858, and stated that his family had occupied it notoriously from that time to the 9th day of December, 1872, and that he had heard Steigleman say that he had purchased it, and that it was his property.

To enable the defendant, who, so far as the evidence shows, relies upon her possession alone, to succeed in this

action, she must show her possession to be adverse, and that possession to have continued for ten years, in order to ripen into a title under the statute of limitations. Code of 1857, art. 1, p. 398.

It is laid down in the books upon this subject, that where a demurrer to evidence is so negligently framed, that there is no certainty in the statement of the facts proved, the court, instead of giving judgment upon it, will award a *venire de novo.* 2 H. Blackstone, 209; Graham's Practice, 269.

And inasmuch as there is some uncertainty in the statement of the facts in regard to the character of the defendant's possession, we are disposed to reverse the judgment and remand the cause to the court below for a new trial, when a more thorough development of the facts can be had.

The judgment is reversed, the cause remanded, and a *venire de novo* awarded.