ALICE LUM ET AL. *v.* THOMAS REED.

1. PROBATE COURT. *Power to sell lands for division.*

Under the act of 1821 (Hutch. Code, 667, § 102), the Probate Court had jurisdiction, where lands descended from an intestate could not be conveniently divided, to sell the lands for division of the proceeds, on proceedings instituted by all the adult heirs, to which all the minor heirs are made defendants.

2. PROBATE COURT. *Proceedings to sell lands. Publication under Act 1830. Applies only to non-residents.*

Publication was necessary, under the act of 1830 (Hutch. Code, 677, § 1), only when some of the defendants to the proceedings to sell the lands of a decedent, when to the interest of the heirs, were non-residents; and therefore the defective nature of the publication 'is immaterial where the heirs defendant were all residents, and process was properly served upon them.

3. PROBATE COURT. *Presumption as to its acts. Defective notice of sale. Purchaser.*

Where the Probate Court had jurisdiction of the subject-matter, and acquired jurisdiction over the parties, its acts are entitled to the same presumption as those of a court of original inherent jurisdiction; and the purchaser of lands sold under its decree will not be affected by any mistakes or informalities in the advertisement of sale.

4. PROBATE COURT. *Presumption as to decrees. Evidence.*

As testimony in the Probate Court was not required to be in writing, its action in ordering and confirming a sale must be presumed by the Supreme Court correct on the evidence before it, in the absence of information to the contrary properly brought before the latter court.

5. EJECTMENT. *Title in the plaintiff to recover must be good against the world. Possession sufficient against intruder.*

Generally the plaintiff in ejectment must recover solely on the strength of his own title, and cannot succeed except by showing a perfect title in himself against all the world. But against a mere intruder the plaintiff is not required to deraign his title, but may recover upon the strength of the former possession, from which he has been wrongfully ousted.

6. EJECTMENT. *Title not necessary in the plaintiff as against intruder. Case in judgment.*

A. and his grantors had been in continuous and uninterrupted possession of land for nearly twenty years, when B., under a judgment of the Federal court, conceded to be inoperative as to A., obtained in an ejectment suit against A.'s tenant, whereof A. had no notice, by attornment of the tenant, acquired possession of the land, and ejected

A. therefrom.  *Held*, if B. was the true owner, he had a right to hold, regardless of the manner of entry, the same not having been forcible, fraudulent, or as tenant of A.; but, if not the true owner, B. was a mere intruder, so far as A. was concerned, and could set up against him nothing but a perfect title in himself.

7. EJECTMENT.  *Description of locus in quo.*

Where the land sued for and recovered in ejectment is shown by the proof to be the land contained in the title-deed, it is no objection to the judgment that the land is described in the declaration by numbers, and in the deed by metes and bounds.

ERROR to the Circuit Court of Issaquena County.

Hon. C. C. SHACKLEFORD, Judge.

The facts of the case appear in the opinion of the court.

*Alfred B. Pittman,* for the plaintiffs in error.

1. The plaintiff in ejectment, in order to recover, must show a complete title, good against the world.

2. A link in the plaintiff's chain of title, the sale by which the title was sought to be divested out of the heirs of Elias Pharr, was fatally defective, because, —

(1.) The Probate Court did not acquire jurisdiction over the subject-matter.

(2.) It did not acquire jurisdiction over the heirs-at-law, whose title was sought to be divested. *Root* v. *McFerrin,* 37 Miss. 17; *Campbell* v. *Brown,* 6 How. 106; *Gwin* v. *M' Carroll,* 1 S. & M. 351; *Planters' Bank* v. *Johnson,* 7 S. & M. 449; *Martin* v. *Williams,* 42 Miss. 210.

*W. L. Nugent,* on the same side.

1. The probate proceedings and sale, by which it is claimed the title was divested out of the heirs of Demoss, are invalid.

(1.) The Probate or Orphan's Court had not jurisdiction of the proceeding.    Hutch. Code, 679, 611; *Smith* v. *Craig et al.,* 10 S. & M. 451; *Higgenbotam* v. *Short,* 25 Miss. 161; *Wilson* v. *Duncan,* 44 Miss. 642. ·

(2.) The proceeding on its face is not under Hutch. Code, 677, and, if it was, is void, because the publication required by said act was not made for six consecutive weeks.

(3.) The decree was entered without any proof in fact as to the allegations of the petition, and the whole estate seems to have been sacrificed.

2. The ejectment suit in the United States court was begun in 1870, and under that suit the defendants were let into possession. The possession of Pharr began in 1851. Owing to the fact that the parties were infants and married women, the possession of Pharr had not, by lapse of time, ripened into title.

3. The lands sued for did not correspond with the calls in Pharr's deed.

*Potter* and *Green*, for the defendant in error.

1. Reed, having been wrongfully ousted, is entitled to recover, on proof of the previous possession. *Jackson* v. *Hibble,* 1 Cowen, 619 ; *Tapscott* v. *Cobbs,* 11 Gratt. 172.

2. The probate proceedings, under which Pharr acquired title, were valid.

(1.) The Probate Court of Hinds County had jurisdiction to order the sale. Hutch. Code, 677, § 1; id. 667, § 102. The act in *Smith* v. *Craig,* 10 S. & M. 400, is admitted to be constitutional, so far as it applies in the case at bar. 44 Miss. 650 ; 46 Miss. 43 ; 44 Miss. 228 ; 28 Miss. 715.

(2.) The newspaper publication was not necessary, all the heirs being residents. *Harris* v. *Ransom,* 2 Cushman, 506 ; Hutch. 677.

(3.) The petition for the sale was made by the two adult heirs. 5 George, 308 ; 8 George, 533, 534.

(4.) The minors having been all cited, the court had jurisdiction of all the parties. 12 S. & M. 54 ; 44 Miss. 226, 227 ; 10 S. & M. 258. As before shown, it had jurisdiction of the subject-matter. The irregularities in the advertisement or sale or proceedings, therefore, do not affect the purchaser at the sale.

3. The lands sued for are identified by the proof as those in the deed.

4. The decree, objected to as not founded on proof, recites it was made on proof, and, in the absence of the evidence (this being a probate proceeding), the recital is conclusive.

5. There is nothing in the record to prove that the property was sacrificed.

CHALMERS, J., delivered the opinion of the court.

This action is ejectment, brought by Reed against Alice Lum and husband. The *locus in quo* had originally belonged to W. C. Demoss, the father of Mrs. Lum. Demoss dying intestate, this tract of land lying in Issaquena County was sold, with various others situate in several different counties, under proceedings begun and carried through by his heirs in the Probate Court of Hinds County, in which county he had his residence while alive.

The sale under the probate proceedings took place in 1851, when Elias Pharr became the purchaser, receiving a deed.

From Pharr the land passed by successive conveyances (one of which was a deed made under probate proceedings by Pharr's administrator) to Reed, and was continuously and adversely held by him and his vendors until 1870, when Mrs. Lum and her brother, David Demoss, instituted an action of ejectment for its recovery in the United States District Court for the Southern District of Mississippi. The suit was brought in the ancient form against Richard Roe, and the writ was served upon one Gilliam, the tenant of Reed. Gilliam neither defended the suit nor notified his lessor, and the plaintiffs had judgment by default. Gilliam at once attorned to them, and, having held possession for and paid rent to them for twelve months or more, surrendered possession to Alice Lum and her husband.

Reed now brings this suit to recover that possession which he lost by the faithlessness or ignorance of his tenant, Gilliam. It is conceded that his rights are in no manner affected by the suit and judgment in the United States court, to which he was not a party, and of which he had no notice. His right to recover depends upon the validity of the proceedings in the Probate Court of Hinds County, by which the title was divested out of the heirs of William C. Demoss, and invested in Elias Pharr, through and under whom he claims.

These proceedings were instituted by the two adult heirs of Demoss, and to them the three minor heirs were made defendants. The petition prayed a sale of all the lands of the decedent, describing them, and that the proceeds might be

divided among the heirs, alleging that " the lands were in detached parcels, situate in different counties, and so located as to render a fair and equitable division thereof impracticable ; and a division, if made, would not only operate with injustice to the heirs, but would, as petitioners believe, very materially impair the value of the respective portions."

Counsel for the appellants (Mrs. Lum and her husband) insist that this proceeding was based on the act of Dec. 25, 1833 (Hutch. Code, p. 679, art. 15, § 1), which provides that one joint tenant or coparcener, upon an allegation that the joint estate is incapable of division, may have a sale thereof in the Probate Court for division of the proceeds ; and that inasmuch as the High Court of Errors and Appeals held this statute unconstitutional, in the case of *Smith* v. *Craig*, 10 S. & M. 447, that therefore the whole proceeding was void.

The statute was held unconstitutional, because it attempted to confer upon the Probate Court jurisdiction to sell the real estate of adult joint tenants holding by purchase ; and it was said that it could only be rightfully invoked in a proceeding between the surviving co-tenant and the heirs of a deceased. one. But the right of co-heirs, where there are one or more minors, to sell, through the Probate Court, the lands descended to them, either for division or to promote the interest of the parties, was distinctly recognized in that case, and is firmly settled both in the legislation and the jurisprudence of the State. The power to sell in such cases, where the lands cannot be conveniently divided, is distinctly given to the Probate Court by § 102, p. 667, of Hutchinson's Code ; and we think the sale in question was made under that article. No specific mode of proceeding was pointed out in the article ; and this omission seems to have been supplied by the act of 1830, Hutch. Code, 677. It is true that the latter act speaks of the land being sold " for the interest " of the parties concerned therein ; but, in the title to the original act, as contained in session acts of 1829–30, p. 61, it is declared to be amendatory of the act of 1821, by which a sale for partition is provided for, so that it would seem that the legislature deemed that it would be " for the interest " of heirs to sell for division land which could not be divided in kind. In like manner this court held, under

a statute authorizing the Chancery Court to sell land where it would be "for the interest" of heirs, that an allegation that the land was incapable of division might well be construed as an averment that their interest would be promoted by a sale. *Wilson* v. *Duncan*, 44 Miss. 642, 650.

Concluding, therefore, that the proceedings were instituted under the act of 1821, Hutch. Code, 667, § 102, as amended by act of 1830, Hutch. Code, 677, § 1, it remains to be seen whether they were properly conducted thereunder.

It is contended that they were erroneous; because, by the act of 1830, *ubi supra*, in addition to personal summons upon all persons interested, a publication of six weeks was required before any decree could pass, and, although such publication was attempted in this case, it was not made in the mode and manner pointed out by the statute.

The conclusive answer to this is, that all the heirs were residents, and were personally cited. Publication was only necessary under the statute where some of the defendants were non-residents, and therefore its defective nature in this case is immaterial. *Harris* v. *Ransom*, 24 Miss. 504, 506.

It is further objected that the sale of the lands was not advertised for the period directed by the decree and required by the statute. This does not affect the title. The court having jurisdiction over the subject, and having acquired jurisdiction over the parties, the title will not be vitiated by any informalities or irregularities thereafter occurring. Its acts are entitled to the same presumptions as those of a court of original inherent jurisdiction, and the purchaser of lands sold under its decrees will not be affected by any mistakes or informalities in the advertisement of sale. *Hanks* v. *Neal*, 44 Miss. 212, 226, and cases there cited; *Stevenson* v. *McReary*, 12 S. & M. 9, 54.

It is said that no proof was made in support of the allegations of the petition, and that the lands were sacrificed.

Testimony in the Probate Court was not required to be in writing; and we must presume that that tribunal rightfully exercised the discretion vested in it. It declared that the price was sufficient. We certainly have no information to the contrary.

We conclude that the title was properly divested out of the heirs of Demoss, of whom the appellant was one.

As before remarked, one of the links in the plaintiff's chain of title is the Probate Court proceedings in Issaquena County in 1854, under which the lands were again sold by the administrator of Elias Pharr, the purchaser at the judicial sale, which we have just been considering.

This sale, unlike the one which has just passed under review, was fatally defective in several respects; and the appellants (defendants below) insist that, inasmuch as a plaintiff in ejectment must recover solely on the strength of his own title, and can never succeed except by showing a perfect title in himself against all the world, therefore the appellee (plaintiff below) must fail in this case.

The appellants overlook an exception to the rule, as well settled as the rule itself, namely, that against a mere intruder a plaintiff is not required to deraign his title, but may recover, upon the strength of the former possession from which he has been wrongfully ousted. *Hicks* v. *Steigleman*, 49 Miss. 377, and cases there cited; *Kerr* v. *Farish*, 52 Miss. 101.

The appellee and his grantors had been in the continuous and uninterrupted possession of the *locus in quo* for nearly twenty years, when wrongfully ejected therefrom by the appellants, under the judgment — inoperative, so far as the appellee was concerned — which was rendered by the United States District Court. The appellants went into possession under this judgment. If they were the true owners, they had a right to hold, regardless of their manner of entry, the same not having been forcible nor fraudulent, nor as tenants of the appellee; but, if they were not the true owners, they were intruders, so far as he was concerned. We have just seen that they were not the true owners, but that all their title had been vested in him. Having illegally dispossessed him, they can only set up against him a title perfect in themselves.

It is, lastly, objected that the land as laid in the declaration did not correspond with that embraced in the deed received by Elias Pharr, through and under which the appellee claimed. The objection is not well taken. The land is described in the declaration by numbers, and in the deed by metes and bounds, but

by the map filed with the commissioners' report of sale at the time Pharr bought it, and by all the subsequent conveyances and proof in the case, it is shown to be the same land.

*Judgment affirmed.*