W. J. QUARLES ET AL. *v.* C. H. HIERN.

1. JUDGMENT. *Attack. Want of notice. Clear proof.*

One alleging want of notice, in attacking a judgment against himself which is apparently valid, must make the clearest and most convincing proof. *Duncan* v. *Gerdine*, 59 Miss., 550.

2. EXECUTION SALE. *Want of proper notice. Bona fide purchaser.*

That at execution sale land is not properly advertised, will not affect the title of a purchaser who has no notice of the irregularity. The fact that the defendant gives a notice at the sale that the *judgment* is void, and that, therefore, the sale will be contested, will not change this. *Natchez* v. *Minor*, 4 Smed. & M., 602.

3. SAME. *Purchase by judgment creditor. Notice.*

It is otherwise if the judgment creditor purchases. He is charged with notice of irregularities.

4. CHANCERY COURT. *Illegal execution sale. Relief against.*

If at an execution sale, which is not advertised for the time required, the judgment creditor purchases property at a sacrifice, on timely application, the debtor, if there has been no waiver, may have relief in equity against the sale.

FROM the chancery court of Harrison county.

HON. W. T. HOUSTON, Chancellor.

On May 9, 1891, appellant, Dale, recovered judgment in a justice court against appellee, Hiern and wife, on a promis-

sory note for $187.43. The judgment recites that it was ren-
dered by consent. The constable's return showed that pro-
cess was served personally on the defendants. Execution
was issued, under which certain land of the defendant, C. H.
Hiern, was levied upon, and sold August 3, 1891, appellant
Dale, the judgment creditor, purchasing a part thereof, and
appellant Quarles the remainder.

On February 2, 1892, Hiern filed the bill in this case
against Dale and Quarles, alleging that said judgment was
void for want of notice; that the process upon which it was
based was not served; that there was no appearance, and
that neither he nor his wife consented to the entry of the
judgment. The complainant also alleged that he caused pub-
lic notice to be given at the sale that the judgment was void;
that purchasers would get no title, and that the sale would
be contested; and it was further alleged that the property
sold for greatly less than its value. It was also alleged that
the advertisement of sale was not published for the length of
time required by law. Complainant averred his willingness
to pay the amount due on the note, with interest and costs,
and prayed that the sheriff's deeds be canceled.

After demurrer overruled, the defendants answered, deny-
ing the material allegations of the bill, denying that the
judgment was void, and averring that they were purchasers
without notice of defects, if any existed. Testimony was
taken, and a decree was entered in favor of complainant,
directing the cancellation of the deeds of both defendants, on
payment by complainant of the amount due on the note, with
interest and costs. From this decree defendants appeal. The
opinion contains a further statement of the case.


*Nugent & McWillie*, for appellants.

1. The evidence shows conclusively that the summons was
served. Besides, there is a presumption in favor of the truth
of the record which must prevail. *Railway Co.* v. *Bolding*,
69 Miss., 255.

2. This is a collateral attack. No fraud is charged, and the court had no authority to inquire into the truth of the return. *Cully* v. *Shuck*, 30 N. E. Rep., 882. In a proper proceeding, the evidence to vacate the judgment must be clear. *Wilson* v. *Shipman*, 52 N. W. Rep., 576. Had appellee proceeded in the justice court, there might have been some reason for entertaining his suit. He preferred to go into equity to set aside the execution sale based on a judgment in all respects regular, on the ground that there had been no service of process, and, at most, has shown but a bare possibility or probability that he was not served.

3. The allegation that the sheriff failed to properly advertise the execution sale is of no avail. *Minor* v. *Natchez*, 4 Smed. & M., 602. The officer derived his authority to sell from the judgment and execution, not from the advertisement. If he fails to give the proper notice, the remedy is by an action against him.

4. But the notice of sale was sufficient, and it is immaterial that one week it appeared in the supplement of the paper. One would be more apt to read the notice in the supplement than elsewhere; the flutter of the detached document, as the paper is opened, would necessarily attract attention. If, however, this be considered an irregularity, we do not think it will affect the title of appellants. *Doe* v. *Pritchard*, 11 Smed & M., 327; *Winston* v. *Otley*, 25 Miss., 451.

Quarles was not a party to the execution. As to Dale, the plaintiff, a different rule might be applied. *Frink* v. *Roe*, 11 Pac. Rep., 820. This, however, can hardly be true, because the defendant's attorney, by asking the sheriff to defer the insertion of the notice in the regular paper, brought about the very state of case now relied on to defeat the sale. Time was granted as a benefit to defendant.

No counsel for appellee.

Argued orally by *W. L. Nugent*, for appellants.

Cooper, J., delivered the opinion of the court.

The decree in this cause must rest, either upon the fact found by the chancellor, that Hiern was never served with the process issued by the justice of the peace by whom the judgment in favor of Dale and against Hiern was rendered, or upon the other fact found by the chancellor, that there were irregularities in the sale, by reason of which it should be vacated. The decree is silent as to the facts found by the court. Being general in its terms, and the appellee not being represented in this court, we are not advised upon what ground the decree rests.

A careful scrutiny of the record fails to disclose a case for relief, upon the ground that the process upon which the judgment was rendered was not, in fact, served upon the defendant. True, the complainant swears that the process was not served, but, opposed to his testimony, is the presumption of due performance of official duty by the constable, his return made at the time showing personal service of the writ, his testimony that, in fact, the service was made as returned, and the evidence of the justice of the peace, that, on the return-day, he met Heirn, who told him he had no defense to the suit, and directed him to enter judgment.

While one against whom a judgment is rendered without notice, may have relief upon disproving the return of the officer, it is incumbent upon him to make clear and convincing proof. It will not be sufficient, if, on the whole case, the matter is left in doubt. Some faith and credit must be given to the acts of sworn officers, and to the returns they make in reference to the discharge of their official duties, and only the clearest and most convincing evidence should be accepted by courts as sufficient to disturb judgments apparently valid and regular. *Duncan* v. *Gerdine*, 59 Miss., 550.

It does not appear that Quarles, who, at the execution sale, became the purchaser of a part of the land, had any notice of the irregularity of the published notice of sale. The complainant avers that, at the sale, he caused notice to be

given that the judgment under which the officer was proceeding was invalid, and that the sale would therefore be contested. But there is no suggestion, either in the pleadings or evidence, that objection was made because of any irregularity in the publication of the notice of sale, or that Quarles had any notice of such irregularity. Under such circumstances, he was entitled to act upon the assumption that the officer had discharged his duty in making the publication, and, though irregularities may have existed in the publication of the notice, his title acquired at the sale cannot be affected. *Lum* v. *Reed,* 53 Miss., 73; *Hanks* v. *Neal,* 44 *Ib.,* 212; *Minor* v. *Natchez,* 4 Smed. & M., 602; Freeman on Ex., § 286.

As to the purchase by Dale, the judgment creditor, a different rule applies. It was his process under which the sale was made, and the defective publication was the result of the failure of the officer acting for him to perform the duty imposed by law for the protection of the rights of the defendant in execution. In a direct proceeding to attack the sale, as is this, we think a different rule than that applicable to purchases by third persons should control.

If the complainant had appeared at the return-term of the execution, and there moved to vacate the sale, and had shown, as he now does, that property worth four hundred dollars had been sold for forty dollars, and that the sale had not been advertised for the time fixed by law, it would have been proper for the law court to afford relief. The same rule should be applied in equity, where seasonable application is made for relief, and when the complainant has done nothing to waive his right. *Collins* v. *Smith,* 57 Wis., 284.

We do not decide that the publication of a notice of sale in the supplement of a newspaper is not a publication in the paper as required by law. We think the evidence here is insufficient to show that there was a publication in any regular supplement of the newspaper on the eleventh of July. What is copied in the record as the supplement, contains

nothing except the notice of sale, and there is no suggestion in evidence that it was sent out with the edition of that date. On the contrary, the sheriff, who was introduced as a witness for the defendants, distinctly stated that the first publication was made in the paper of the eighteenth, and gave as a reason for his neglect to advertise on the eleventh, an agreement with counsel for appellee that publication on the eighteenth, twenty-fifth and first should be recognized as legal.

*The decree of the court below is reversed on the appeal of Quarles; otherwise it is affirmed. Costs of this appeal to be divided between appellant, Dale, and the appellee.*